**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4473**

———————

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

CEDRIC TAYLOR,

                    Defendant – Appellant.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  James C. Fox, Senior
District Judge.  (5:07-cr-00102-F-2)

———————

Submitted:  September 20, 2011        Decided:  September 30, 2011

———————

Before MOTZ, GREGORY, and DAVIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Richard L. Cannon, III, CANNON LAW OFFICES, PLLC, Greenville,
North Carolina, for Appellant.   Jennifer P. May-Parker,
Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In a prior appeal, we affirmed Cedric Taylor's convictions for conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 (2006), and aiding and abetting tampering with a witness, in violation of 18 U.S.C. § 1512(a)(2)(C) (2006). We determined, however, that the district court failed to provide an individualized explanation supporting its imposition of concurrent 240-month sentences and that the court erred in imposing the sentence for tampering with a witness because it exceeded the statutory maximum. Thus, we vacated the sentence and remanded the case for resentencing. On remand, the district court again sentenced Taylor to 240 months' imprisonment for the drug conspiracy and imposed a concurrent 120-month sentence for witness tampering.

On appeal, Taylor's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal but asking this court to review the district court's failure to take Taylor's post-conviction rehabilitation into consideration for the purposes of a downward variance, the court's denial of the motion for judgment of acquittal on the witness tampering count, the court's application of a two-level obstruction of justice enhancement, the court's finding that the witnesses at the initial sentencing hearing were credible, and, finally, whether

2

Taylor was a victim of prosecutorial misconduct. In his pro se supplemental brief, Taylor alleges that the Government committed discovery violations. We affirm.

We review sentences for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Gall, 552 U.S. at 51. In determining procedural reasonableness, this court considers whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 51. A sentence is reviewed for substantive reasonableness by examining the "totality of the circumstances, including the extent of any variance from the Guidelines range." Id.; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). We presume that a sentence within a properly determined advisory Guidelines range is substantively reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

In Pepper v. United States, 131 S. Ct. 1229 (2011), the Supreme Court held that a district court may consider post-sentencing evidence of the defendant's rehabilitation at

resentencing to support a downward variance. Id. at 1236, 1241, 1249. Here, the district court considered Taylor's motion for a variance but concluded that a variance was not warranted based on the nature and circumstances of the offense — specifically, a large drug conspiracy involving violence and intimidation. Taylor has failed to overcome the presumption of reasonableness that this court accords his within-Guidelines sentence. We therefore conclude that his sentence is procedurally and substantively reasonable.

Consideration of the remaining issues presented by Taylor and counsel is precluded by the mandate rule. When this court remands for resentencing, the mandate rule precludes the district court from considering "issues expressly or impliedly decided by the appellate court." United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). "In addition, the [mandate] rule forecloses litigation of issues decided by the district court but foregone on appeal or otherwise waived, for example because they were not raised in the district court." Id. Moreover, none of the exceptions to the mandate rule applies to this case. See id. at 67 (discussing exceptions). We therefore decline to review Taylor's remaining claims.

In accordance with Anders, we have thoroughly reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's

4

amended judgment and deny Taylor's motion to appoint new counsel. This court requires that counsel inform Taylor, in writing, of the right to petition the Supreme Court of the United States for further review. If Taylor requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Taylor.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED